IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODOLFO MARTINEZ | § | |
| | § | |
| v. | § | A-11-CA-837 LY |
| | § | |
| TEXAS WORKFORCE COMMISSION- | § | |
| CIVIL RIGHTS DIVISION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion for Partial Dismissal (Clerk's Doc. No. 4) filed November 2, 2011; and Plaintiff's Response to Defendants' Motion for Partial Dismiss (Clerk's Doc. No. 6) filed November 10, 2011.  The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation.

**I.  FACTUAL BACKGROUND**

Plaintiff, who is proceeding pro se, sues the Civil Rights Division of the Texas Workforce Commission for the failure to promote him based upon his race and national origin — Mexican-American.  Plaintiff sues pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C § 1981. As relief he requests: (1) that Defendant be directed to employ and promote Plaintiff in a management position; and (2) that Defendant be directed to establish selection guidelines "not adversely affecting Mexican-American[s]."  Defendant filed a motion under Rule 12(b)(1) moving the Court to dismiss Plaintiff's Section 1981 claims based upon Eleventh Amendment immunity.

**II.  MOTION TO DISMISS**

A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d

548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in the light most favorable to Plaintiffs. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III.    Plaintiff's 42 U.S.C. § 1981 Claim

In his Complaint, Plaintiff requests relief pursuant to 42 U.S.C. § 1981. Defendant moves to dismiss Plaintiff's § 1981 claims asserting they are barred by Eleventh Amendment immunity.

Absent an express abrogation by Congress or a waiver by the state, the Eleventh Amendment precludes suits in which a state agency is named as a defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utils. Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). This includes suits against a state

agency because a suit against a state agency "is a suit against the state . . . ." *Id.* "The [TWC] is a state agency established . . . to administer the unemployment compensation insurance program" in the state of Texas. *See* TEX. LABOR CODE § 301.001.

The Fifth Circuit has found that Congress has not abrogated the states' immunity for suits under § 1981. *See Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366 (5th Cir. 2000); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) ( "Section 1981 contains no congressional waiver of the state's eleventh amendment immunity"); *Dear v. Jackson State Univ.*, 2008 WL 4225766, at *4 (S.D. Miss. Sept.10, 2008) (finding that JSU was entitled to immunity as to plaintiff's § 1981 and § 1983 claims).

Plaintiff has not pled, and there is nothing in the Texas statutory scheme that clearly indicates that Texas has waived its immunity from suit in federal court. Thus, the Court concludes that the Eleventh Amendment precludes Plaintiff's § 1981 claims against the TWC. Plaintiff's § 1981 claims against the TWC should therefore be dismissed with prejudice.[1]

### III.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Partial Dismissal (Clerk's Doc. No. 4) and **DISMISS WITH PREJUDICE** Plaintiff's Section 1981 cause of action.

---

[1]The remainder of Plaintiff's claims are brought pursuant to Title VII. Title VII, which expressly authorizes suits against the states, abrogates Eleventh Amendment immunity because it was passed pursuant to Section Five of the Fourteenth Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 279 (1997) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456–57 (1976)); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n.1 (5th Cir. 2002) (finding that the Fifth Circuit has "long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII") (citing *Ussery v. Louisiana ex rel. La. Dep't of Health & Hosps.*, 150 F.3d 431, 434–35 (5th Cir. 1998)).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE