IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RODOLFO MARTINEZ § | |
| § | |
| v.  § | A-11-CA-837 LY |
| § | |
| TEXAS WORKFORCE COMMISSION- § | |
| CIVIL RIGHTS DIVISION § | |

## ORDER

Before the Court are Plaintiff's Opposed Motion for Leave to Amend Complaint (Doc. No. 35) filed April 24, 2013; and Defendant's Response in Opposition (Doc. No. 37) filed April 29, 2013.

### I.  FACTUAL BACKGROUND

Plaintiff Rodolfo Martinez ("Martinez") sues the Civil Rights Division of the Texas Workforce Commission ("TWC"), alleging that it failed to promote him based upon his race and Mexican-American national origin . He sues pursuant to Title VII of the Civil Rights Act of 1964. The District Court has already dismissed Martinez's claims brought pursuant to 42 U.S.C § 1981.

When Martinez originally filed his suit on September 22, 2011, he was proceeding pro se. The District Court entered a Scheduling Order setting January 31, 2013, as the deadline to amend or supplement pleadings. The discovery deadline is set as October 16, 2013. On December 18, 2012, TWC filed a Second Motion to Dismiss (Doc. No. 20), which was referred to the undersigned for a recommendation. On April 4, 2013, the undersigned converted the motion to dismiss to a motion for summary judgment, and ordered the parties to file further pleadings and summary judgment evidence. In response, TWC filed its First Supplement to Second Motion to Dismiss (Doc. No. 33) on April 16, 2013. On April 18, 2013, the Plaintiff filed a Notice of an attorney appearance, and

requested leave to file an amended complaint. TWC opposes the motion as untimely, and because it contends the amended complaint is futile, as it fails to state viable claims.

## II.  STANDARD

Under Rule 15(a), leave to amend should be granted freely, "absent some justification for refusal." *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court may deny a motion for leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182 (emphasis added).

While the lenient standard of Rule 15(a) applies to motions for leave to amend filed within the scheduling order deadline, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). When a motion for leave to amend is filed after the applicable deadline, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* The factors that are considered under Rule 16(b) when determining whether a litigant has demonstrated "good cause" for not meeting a scheduling order deadline are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Company v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003).

### III.  ANALYSIS

Martinez explains that he obtained legal counsel on April 17, 2013, and that he has moved to amend his complaint, now that he has counsel, in order to clarify and specify his claims and to include factual allegations upon which he bases his claims.  Specifically, Martinez clarifies that he is not asserting any disparate treatment claims for the 2009 failure to promote, but is asserting disparate impact claims related to those promotions. Martinez asserts that all the claims he brings are within the scope of his discrimination charges, that TWC is aware of the factual bases of all his claims, that the filing of the Amended Complaint will not delay discovery, and that TWC will not be prejudiced by the amendment. TWC opposes the amendment arguing that the deadline to amend has passed, any disparate impact claim Martinez attempts to assert is time-barred, and the proposed amendment attempts to assert new theories which were not included in Martinez's EEOC charges of discrimination.  Thus, the TWC argues, allowing amendment would be futile. Response at p. 1.

With regard to TWC's argument that the amendment is tardy, tardiness does not bar amendment —it simply implicates the Rule 16(b) good cause standards set out above.  Having considered those factors, the Court finds that the recent appearance of counsel satisfies the good cause standard.  The parties still have ample time to conduct discovery, and thus TWC cannot show prejudice if the amendment is permitted.

TWC also opposes the amendment on the ground that it would be futile to permit it because the amended complaint attempts to raise issues that would be precluded by limitations or the failure to exhaust administrative remedies, and because it attempts to state a disparate impact claim that was not included in the original complaint.  On this latter point, it must be remembered that the Plaintiff has been proceeding pro se until the past week, and thus his pleadings are to be liberally construed.

3

In his Original Complaint, Martinez states that "the total selection process leading to the final employment decision have [sic] a combined effect on National Origin (Mexican-American) and were unfair." Dkt. No. 1, at ¶ 9.f. *See also, id.* at ¶ 9.g ("The Agency did not conduct a validity study on the adverse impact of its selection procedures on National Origin (Mexican-American)."). While this would by no means be a model for how to plead a disparate impact claim, liberally construed, it is a sufficient pleading of that claim for a pro se litigant. And as to the merits of the arguments regarding limitations and exhaustion, there is not sufficient information before the court to make those determinations at this time, and it would be more appropriate to do so on a motion to dismiss or for summary judgment, with full briefing, based on the amended complaint.

## IV.  ORDER

ACCORDINGLY, it is ORDERED that Plaintiff's Opposed Motion for Leave to Amend Complaint (Doc. No. 35) filed April 24, 2013, is GRANTED. It is further ORDERED that the Clerk shall FILE Martinez's First Amended Complaint.

SIGNED this 2nd day of May, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE