# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RODOLFO MARTINEZ,** | § | **CIVIL ACTION** |
| Plaintiff | § | |
| | § | |
| VS. | § | NO. A-11-CA-00837-LY-AWA |
| | § | |
| **TEXAS WORKFORCE COMMISSION-** | § | |
| **CIVIL RIGHTS DIVISION,** | § | **JURY REQUESTED** |
| Defendant | § | |

## FIRST AMENDED COMPLAINT

### Jurisdiction and Venue

1.  This action alleging disparate treatment and disparate impact national origin discrimination arises under the Civil Rights Acts of 1964 and 1991 as amended, and codified at 42 U.S.C. §2000e et seq. (Title VII).

2.  All conditions precedent have been exhausted and/or performed prior to the filing of this original complaint: 1) charges of national origin discrimination (including facts alleging disparate treatment and disparate impact) were filed with the EEOC, within 300 days of the date of the adverse employment actions complained of herein or within two years of filing of those charges; a federal notice of right to sue letter was sent to Martinez from the EEOC dated June 29, 2011; and the original complaint was timely filed in United States District Court on September 22, 2011 (within ninety (90) days of receipt of that right to sue letter). See Exhibit A, which contains copies of Martinez's charges, right to sue letter and date-stamped envelope.

3.  Further, jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3).

4.  The acts or omissions, which serve as the basis for this cause of action, occurred in

Travis County, State of Texas and in this Division of the Western District of Texas; therefore venue is proper in this Court. 42 U.S.C. §2000e-5(f)(4) and 28 U.S.C. §1391(b) and (c).

## Parties

5.      Rodolfo Martinez ("Martinez") is a natural person whose primary residence is located in Williamson County, Texas.  Martinez may be contacted through his attorney of record in this cause.

6.      Defendant, Texas Workforce Commission – Civil Rights Division ("TWC"), is a state agency in Travis County Texas, and may be served process via its attorney of record in this case, Jason Contreras, Assistant Attorney General, P.O. Box12548, Capitol Station, Austin, Texas 78711-2548, Jason.Contreras@texasattorneygeneral.gov.

## STATEMENT OF THE CASE

7.      Martinez brings this action under Title VII of the Civil Rights Act of 1964, as amended in 1991.

8.      Martinez sues TWC for his denial of promotion in May 2011 based upon the claim of national origin disparate treatment discrimination.

9.      Martinez relies on the following evidence in support of his claim that his national origin was an illegal factor in the decision to deny him the promotion in May 2011:

- TWC chose the substantially less qualified non-Mexican American candidate compared to Martinez,
- TWC has a pattern and practice of hiring the less qualified non-Mexican American candidates over the better qualified Mexican American candidates,
- TWC has tailored the selection criteria for a position to either make the non-Mexican American candidate appear better qualified or the Mexican American candidate appear less qualified,
- TWC has a pattern and practice of providing non-Mexican American employees an opportunity to gain experience through the non-competitive assignment of additional duties thus allowing the non-Mexican American to increase their qualifications for a subsequent promotional process,

- TWC has a pattern and practice of using subjective rather than objective criteria to render the non-Mexican American candidate more qualified and/or Martinez less qualified for a promotional position,
- TWC has a pattern and practice of failing to develop and implement a written affirmative action program resulting in the under employment of Mexican American employees compared with non-Mexican American employees,
- TWC has a pattern and practice of failing to ensure that national origin disparate treatment and disparate impact discrimination were not occurring at TWC related to its hiring and promotional decisions,
- TWC has a pattern and practice of failing to recruit, hire, promote, and/or retain Mexican American employees at all levels within TWC,
- Martinez was the only applicant whose documents in support of his application for promotion were not included in his promotional file, and
- TWC has consistently issued zero for cause findings in its employment discrimination and housing discrimination case investigations for many years over the last 12 years, which is drastically different from the number of cause findings typically issued by the EEOC every year.

10. Martinez sues TWC for his denial of promotion in November 2009 and May 2011 based upon his claim of national origin disparate impact discrimination.

11. Martinez identifies the following specific employment practices that he asserts have had a disparate impact on Mexican American employees at TWC:

- Recruitment of employees (in managerial and non-managerial positions),
- Use of different standards in promotional decisions,
- Use of subjective rather than objective criteria in promotional decisions,
- Use of non-verifiable scoring processes in the promotional selection rating process,
- Non-competitive assignment of duties to non-Mexican American employees,
- Failure to develop and implement an affirmative action program,

12. Martinez asserts that as a result of TWC's use and/or implementation of the specific employment practices listed above, Mexican American employees, including himself, have suffered disparately in comparison with non-Mexican American employees by being denied employment, denied competitiveness, denied fair opportunity, and therefore being denied promotions.

13. Martinez also relies on the evidence delineated above in reference to his disparate

treatment discrimination claim to support his disparate impact claim.

14.     Because of the consistent use of these employment practices both during the jurisdictional period and for more than four years before, Martinez asserts claims for TWC's denial of promotion in both May 2011 and November 2009.

15.     Because of the above listed conduct by TWC, Martinez has sustained and continues to sustain economic and non-economic damages in lost back pay, benefits, front pay, humiliation, loss of enjoyment of life, mental anguish, loss of career opportunity and other damages.

## FACTUAL ALLEGATIONS

16.     Martinez, Mexican American male, at all times while employed at TWC, was qualified for his positions of employment and the promotions for which he applied at TWC.

17.     Martinez began employment with TWC in June 2009.

18.     Prior to being hired by TWC, Martinez had an extensive background in civil rights enforcement, investigation, and management having been employed by the EEOC for over 17 years; over seven of which were in management. Martinez also had three additional years of governmental employment experience.

19.     In contrast, Janet Quesnel ("Quesnel"), non-Mexican American female, who was selected for the positions in both November 2009 and May 2011 over Martinez (and non-competitively selected to be the Interim Lead Investigator several months prior to being selected as the successful applicant for the Lead Investigator position in November 2009) had no supervisory experience in any capacity prior to being given the Interim Lead Investigator position in 2009.

20.     Martinez was substantially more qualified for both the Lead Investigator and Manager positions when compared with Quesnel, the successful applicant, based upon the job

descriptions and relevant employment experience.

21.     Martinez performed his duties and responsibilities to the satisfaction of his supervisors and peers at TWC as documented in his performance reviews.

22.     In his application process for the position given to Quesnel in November 2009, Martinez had provided a portfolio of documents showing letters of recommendation, commendation and other information supporting his superior qualifications for the promotion.

23.     Martinez's portfolio never made it to the promotional file in support of his application.

24.     On information and belief, Martinez asserts that no other applicant had documentation that they provided in support of their applications withheld from consideration.

25.     On information and belief, Martinez was the only Mexican American applicant for the Lead Investigator position filled by Quesnel in November 2009

26.     On information and belief, Martinez was the only Mexican American applicant for the Manager position filled by Quesnel in May 2011.

27.     The interview processes engaged in by TWC for both positions were substantially subjective in nature.

28.     The scoring processes were unverifiable such that an interviewer could give any score to any candidate without being required to justify that score based on any reviewable criteria.

29.     TWC as a state agency and as a contractor with the federal government has a duty (pursuant to state law and federal law and regulation) to develop and implement an affirmative action recruitment, hiring and retention program and to ensure that discrimination does not occur within its employment practices.

30.     On information and belief, TWC has not substantially complied with its duties to

develop and implement an affirmative action recruitment, hiring and retention program and to ensure that discrimination does not occur within its employment practices.

31.     The harm suffered by Martinez and other Mexican American employees has been substantially greater in degree and extent than that suffered by non-Mexican American employees.  There are very few Mexican Americans who have been hired by TWC and even fewer that have been hired as or promoted to positions in management compared with the hiring and promotions of non-Mexican American employees.

32.     Though still employed at TWC at an Investigator III level, Martinez is under-employed when compared with his non-Mexican American peers at TWC of the same, similar, or less qualifications and relevant experience.

## DAMAGES

33.     Because of statutorily impermissible acts of TWC and its representatives as discussed above, Martinez has suffered lost promotions, loss of income, loss of benefits, loss of career opportunity, loss of career investment and loss of advancement.  As a consequence of the outrageous actions by TWC, Martinez has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.  Martinez seeks injunctive relief as well as compensatory and equitable damages as well as attorney's fees and costs and pre and post judgment interest in the maximum amounts allowed by law.

## RELIEF REQUESTED

Paragraphs one (1) through thirty-three (33) of this complaint are incorporated by reference and made a part of Relief One through Relief Five, inclusive.

## EQUITABLE RELIEF

### Relief One

Martinez has no plain, adequate or complete remedy at law to redress the wrongs alleged, and this suit for injunctive relief and equitable and compensatory damages is the only means of securing adequate relief. Martinez suffered, and is now suffering and will continue to suffer irreparable injury from the policy, practice, custom and/or usage of TWC as set forth herein until and unless enjoined by the Court. 42 U.S.C. 2000e et seq.  Additionally, the Court is requested after notice and hearing to order TWC to conduct seminars and other counseling of employees as part of an educational sensitivity and anti-discrimination training processes and to develop and implement an affirmative action program ensuring the recruitment, hiring and retention of Mexican American employees to all levels of employment at TWC.

### Relief Two

Martinez seeks an award of back pay and front pay for the loss of income as a result of the disparate treatment and/or disparate impact based national origin discriminatory conduct of TWC and its representatives during Martinez's employment and as a result of his experience.

### Relief Three

Martinez seeks awards of pre- and post-judgment interest on any amounts awarded to him.

## LEGAL RELIEF

### Relief Four

Under 42 U.S.C. §1981, 1981a, and §§ 2000e et seq., Martinez is entitled to compensatory, expectation, and/or consequential damages due to the violations of his rights by TWC as alleged herein.

**Relief Five:**

Under 42 U.S.C. §1981a, and §§ 2000e et seq., Martinez is entitled to reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

Martinez requests the Court to cause TWC to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Martinez as follows:

1. Grant Martinez injunctive relief enjoining TWC, its agents, successors, employees, and those acting in concert with them or at their direction from continuing to abridge the rights of Martinez;

2. Grant Martinez all equitable damages including lost back pay, front pay, benefits and profits;

3. Grant Martinez compensatory damages for TWC's acts of discrimination against him;

4. Grant Martinez prejudgment and post-judgment interest in the highest amount allowable by law;

5. Grant Martinez reasonable attorney's fees, together with his costs;

6. Grant other and further equitable relief to ensure that the discriminatory policies and practices that have caused harm to Mexican Americans be reformed or changed in a manner to bring them into compliance with the law; and

7. Such other and further relief as the Court determines just and equitable in the circumstances of this case.

Respectfully submitted,

/s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
(512) 474-7563
(512) 852-4788 facsimile
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of above and foregoing document has been served on counsel for defendant, by the Court's CM/ECF system and by email on April 24, 2013 as indicated below.

Jason Contreras, Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box12548, Capitol Station
Austin, Texas 78711-2548
Jason.Contreras@texasattorneygeneral.gov

/s/ Robert Notzon
Robert Notzon