IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RODOLFO MARTINEZ § | |
| § | |
| v.  § | A-11-CA-837 LY |
| § | |
| TEXAS WORKFORCE COMMISSION- § | |
| CIVIL RIGHTS DIVISION § | |

## ORDER

Before the Court is Defendant's Opposed Emergency Motion to Compel Plaintiff's Continued Deposition (Dkt. No. 66) and Plaintiff's Response (Dkt. No. 67). The motion was referred to the undersigned by the District Court for resolution.

### I. Background

Plaintiff Rodolfo Martinez's deposition was scheduled for Friday, November 15, 2013. Three days prior to the deposition noticed by Defendant TWC, Martinez's counsel notified TWC's counsel by e-mail that he needed to leave the deposition by "3:30 at the latest" to attend a wedding in Houston that day. The parties agreed to move up the start of the deposition one hour to 8:30 a.m. to accommodate Martinez's counsel's late request for a 3:30 p.m. termination time. The deposition began at 8:34 a.m. and continued to 3:41 p.m., at which point Martinez's counsel insisted that he had to leave and the deposition ended. The parties disagree on the exact amount of time Martinez was questioned, but it appears that it was roughly six hours. Counsel for TWC states that, while he agreed to start the deposition an hour early, he did not agree—explicitly or implicitly—to complete the deposition by 3:30 pm. Martinez states that by not specifically reserving its right to continue questioning after 3:30 p.m., TWC implicitly agreed to complete all of its questioning by 3:30 p.m., and he therefore has refused to make himself available to allow TWC to finish the deposition.

In the instant motion, TWC requests that the Court compel Martinez to appear and complete his deposition for the time provided by Rule 30. Martinez contends that TWC should not be allowed to continue his deposition, because TWC's counsel knew the deposition was supposed to be completed on that day, started the deposition four minutes late, wasted time by asking irrelevant background questions, and because Martinez arrived ten minutes early and agreed to a short lunch break. None of these arguments have any merit. Indeed, Martinez's position on this issue borders on the frivolous.

## II. Analysis

Under the Federal Rule of Civil Procedure—the rules that govern attorneys when they cannot reach agreements—a deposition shall last up to seven hours. FED. R. CIV. P. 30(d)(1). The Court is given the further authority to allow additional time "if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* As noted, at the time that Martinez terminated the questioning, six or fewer of the seven hours had elapsed. There is no contention that the deposition was terminated for any of the reasons Rule 30(d)(3)(A) permits (being conducted in bad faith or to annoy, oppress or embarrass the deponent), but rather it is undisputed that it was terminated so that Plaintiff's counsel could attend a wedding. The termination of the deposition before it was completed, and before the seven hours permitted by the rules had elapsed, plainly violated the Federal Rules of Civil Procedure.

Further, Martinez's complaints that TWC's counsel used the time from 8:30 a.m. to 3:41 p.m. poorly, and was inefficient in his questioning, is of no moment. Other than prohibiting a questioner from using a deposition to annoy, oppress or embarrass the deponent, or otherwise conducting the deposition in bad faith, the Rules of Civil Procedure place no other limits on the way in which a

questioner uses the seven hours allotted for a deposition. If a party could unilaterally declare that his opponent had used their time inefficiently and shut down a deposition early, chaos would result. The very reason for the presumptive seven hour limit is to provide an objective, bright-line time period in which most depositions can efficiently be completed, and to remove the possibility of silly arguments regarding the importance of this or that question asked in any particular deposition—and to avoid a court having to resolve such silly arguments. But that has apparently been lost on Plaintiff's counsel.

Further, the contention that Martinez's counsel informed opposing counsel that the deposition had to completed on November 15, 2013, is untenable. The Court encourages opposing counsel to work together to complete discovery. TWC's counsel acted reasonably and professionally in agreeing to move up the time of Martinez's deposition and making efforts to finish by 3:30 p.m., when he had no obligation to do so, particularly in light of the short notice on which the request was made. The Court will not punish that professionalism by taking from TWC over an hour of questioning it is entitled to, particularly when it involves the deposition of the very party who brought this lawsuit. On the other hand, it appears plain that Martinez's counsel made a scheduling mistake and forgot about a wedding he was supposed to attend. Given this, and given his last-minute request for a time change, counsel is in ***no*** position to dictate the terms on which his scheduling problem is accommodated, or to complain when it causes inconvenience to him or his client.

### III. Order

ACCORDINGLY, IT IS ORDERED that TWC's Opposed Emergency Motion to Compel Plaintiff's Continued Deposition (Dkt. No. 66) is GRANTED. The plaintiff shall appear for the

completion of his deposition in the next fourteen days, the specific date to be agreed upon by the parties. Questioning by the TWC shall be limited in time to 90 minutes.[1]

SIGNED this 3rd day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] In its motion, TWC also requests that Martinez be compelled to produce a privilege log. It does not appear that TWC conferred with Martinez before seeking this relief, and Martinez states that he is not withholding any documents based upon privilege. The Court therefore declines to make any orders on this issue, as it appears to be moot.